UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTA BRAFMAN,                    No. 2:11-cv-01627-MCE-GGH

          Plaintiff,

     v.                             MEMORANDUM AND ORDER

NATIONWIDE MUTUAL INSURANCE
COMPANY & ITS AFFILIATES,

          Defendant.

                    ----oo0oo----

     Plaintiff Roberta Brafman ("Plaintiff") filed this action
challenging Defendant Nationwide Mutual Insurance Company's
("Defendant") denial of insurance benefits allegedly owed to her
under her homeowner's insurance policy.  Presently before the
Court is Defendant's Motion to Dismiss Plaintiff's Complaint as
untimely.  For the following reasons, Defendant's Motion is
granted with leave to amend.[1]

---

[1] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
Local Rule 78-230(h).

1

**BACKGROUND**[2]

Plaintiff is the owner of a small ranch property located in Sacramento, California (the "Property").  Plaintiff has both a home (the "Dwelling") and a rental unit (the "Rental") on the Property.  Plaintiff purchased insurance coverage on both structures via a Farm Policy of Insurance (the "Policy"), which included homeowner's insurance coverage.  The Policy provided "all perils" coverage for the Property and the structures unless the cause of any claimed loss was otherwise excluded from coverage.  Losses caused by "fungus" were specifically excluded under the terms of the Policy.

Plaintiff alleges, however, that Defendant induced her to purchase an additional endorsement to the Policy, namely a Limited Fungi or Bacteria Coverage Endorsement (the "Endorsement").  Plaintiff believed, based on Defendant's representations in the Endorsement and on her own reading of the Policy that the Endorsement extended coverage under the Policy to her buildings for losses caused by mold.

In August 2009, Plaintiff began to feel the effects of what turned out to be exposure to toxic mold in the Dwelling.  The mold purportedly attacked Plaintiff's respiratory system, and she was subsequently hospitalized.  On the way to the hospital, Plaintiff stopped breathing and had to be resuscitated.

///

///

---

[2] Unless otherwise stated, the following facts are derived from Plaintiff's Complaint.

1    On September 1, 2009, Plaintiff made a claim under the

2  Policy for structural damage and personal property loss to the

3  Dwelling.   Just over two months later, on November 5, 2009,

4  Defendant denied Plaintiff's claim, asserting that the mold was

5  caused by "dampness of atmosphere," which was not a covered cause

6  of loss under the Policy or the Endorsement.   Plaintiff

7  nonetheless renewed her claim to Defendant on December 15, 2009.

8  Defendant again denied Plaintiff's requested benefits on

9  January 8, 2010.

10    Also in January 2010, Plaintiff became aware of separate

11  mold problems in the Rental.   She then made an independent claim

12  on the Policy to Defendant pertaining to those losses.   According

13  to Plaintiff, she thereafter "became engaged in coverage issues

14  with defendant respecting the mold burdening the rental and

15  related claims from February, 2010 through the end of June,

16  2010."   Complaint, ¶ 38.   Plaintiff alleges that "Defendant's bad

17  faith conduct and resulting controversy in handling [the Rental]

18  claim consumed the plaintiff's resources and attention for the

19  next six months and had the effect of impeding the plaintiff's

20  ability to pursue investigation of defendant's bad faith conduct

21  in the mold loss claim to [the Dwelling]."   Id., ¶ 52.

22    More specifically as to the Rental coverage dispute,

23  Plaintiff expected that the full amount of damage to that

24  building, approximately $25,020, would be covered under the

25  Policy.

26  ///

27  ///

28  ///

3

On March 4, 2010, however, Defendant explained it would pay $7,041 for the portion of the claim covering loss due to mold from rain, but that it would not cover the remaining $17,979 because, as with the Dwelling claim, that portion of the Rental claim arose out of mold that had been caused by "dampness of atmosphere."

Eventually, in July 2010, after failing to reach a settlement with Defendant as to her Rental claim, Plaintiff returned her attention to her Dwelling claim.  In August 2010, Plaintiff hired her own expert to evaluate the condition of the Dwelling.  On October 14, 2010, Plaintiff's expert issued an investigative report finding that the cause of the mold was a failure/breakage of the hot water pipe delivery system, not "dampness of atmosphere."  Over two months later, on December 23, 2010, Plaintiff forwarded Defendant her expert's report and supporting documentation seeking to have Defendant revisit her claim.  On January 6, 2011, Defendant reiterated its denial of Plaintiff's request for benefits.

Plaintiff's Policy includes a one-year limitations provision stating, "No one may bring a legal action against us under this Coverage Form unless...[t]he action is brought within 1 year after the date on which the direct physical loss or damage occurred."  Complaint, Exh. A, p. 33-34.  Each time Defendant denied coverage to Plaintiff, Defendant reminded Plaintiff in writing about this limitations provision.

///

///

///

4

On May 12, 2011, Plaintiff initiated the instant action seeking to recover from Defendant pursuant to two claims for fraudulent inducement (First and Second Causes of Action), a claim for fraudulent and deceitful claims practices as to the Dwelling (Third Cause of Action), a claim for fraudulent and deceitful claims practices as to the Rental (Fourth Cause of Action), a claim for breach of the implied covenant of good faith and fair dealing (Fifth Cause of Action), and a claim for declaratory relief (Sixth Cause of Action).  Defendant subsequently moved to dismiss each of Plaintiff's causes of action as time-barred.[3]  Defendant's Motion is now GRANTED with leave to amend.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

///

///

---

[3] The Court is also in receipt of Defendant's Objections/Motion to Strike a supplemental brief filed by Plaintiff.  Plaintiff's supplemental filing did nothing to change this Court's decision and Defendant's Objections/Motion to Strike are overruled/denied as moot.  the Court has read and considered all papers filed by the parties.

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

5

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [...] claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ____, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

     If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

According to Defendant, Plaintiff's claims are each barred by the one-year contractual limitations period included in the Policy. Private limitations provisions have "long been recognized as valid in California." C&H Foods Co. v. Hartford Ins. Co., 163 Cal. App. 3d 1055, 1064 (1984). Indeed, such covenants are "valid provision[s] of an insurance contract and cannot be ignored with impunity as long as the limitation is not so unreasonable as to show imposition or undue advantage." Id. (citing Fageol T. & C. Co. v. Pacific Indemnity Co., 18 Cal. 2d 748, 753 (1941)). One year has been held to be a reasonable limitations period in California as well. Id.; Shugerman v. Allstate Ins. Co., 594 F. Supp. 2d 1131, 1135 (C.D. Cal. 2009); Spray, Gould & Bowers v. Associated Int'l Ins. Co., 71 Cal. App. 4th 1260, 1267 (1999); see also California Insurance Code §§ 2070-71 (insurance policies providing fire coverage must contain at least a one-year limitations period). Since the Policy in this case contains clear language delineating a reasonable one-year limitations period and since Defendant advised Plaintiff of that one-year period in writing on multiple occasions, the Court now finds that the parties are bound by this provision to the extent it is applicable to Plaintiff's claims.

7

1    Contractual limitations provisions such as the one included
2    in the Policy are applicable, however, only to claims actually
3    brought "on the policy." Campanelli v. Allstate Life Ins. Co.,
4    322 F.3d 1086, 1093 (9th Cir. 2003).  The phrase "on the policy"
5    is broadly construed to include those claims that are generally
6    "grounded in a failure to pay benefits that are due under the
7    policy." Id. at 1096 (citing Prieto v. State Farm Fire & Cas.
8    Co., 225 Cal. App. 3d 1188, 1195 (1990)); see also Shugerman v.
9    Allstate Ins. Co., 594 F. Supp. 2d 1131, 1135 (C.D. Cal. 2009)
10   (internal citations and quotations omitted).  Likewise, "'[a]n
11   action seeking damages recoverable under the policy for a risk
12   insured under the policy' is 'on the policy' and covered by the
13   one-year limitations period." Campanelli, 322 F.3d at 1086
14   (quoting Jang v. State Farm Fire & Cas. Co., 80 Cal. App. 4th
15   1291 (2000)).

16       Accordingly, under the facts of this case, then, "any claim
17   that is on the policy must be brought within 12 months of the
18   'inception of the loss' or it is time-barred." Campanelli,
19   322 F.3d at 1093.  Inception of loss is "'that point in time when
20   appreciable damage occurs and is or should be known to the
21   insured, such that a reasonable insured would be aware that his
22   notification duty under the policy has been triggered.'" Id.
23   (citing Prudential-LMI Commercial Ins. v. Superior Court, 51 Cal.
24   3d 674, 687 (1990)).  The applicable limitations period is
25   tolled, however, "from the time an insured gives notice of the
26   damage to his insurer, pursuant to applicable policy notice
27   provisions, until coverage is denied." Prudential-LMI Com. Ins.,
28   51 Cal. 3d at 693.

8

1    Plaintiff here was aware of the damage to the Dwelling and
2  the Rental, and thus inception of loss had occurred, in
3  approximately August or September of 2009 and January of 2010,
4  respectively.   The one-year period would have begun to run for
5  each claim on these respective dates.   These limitations periods
6  were tolled, however, through, at the latest, November 5, 2009,
7  for Plaintiff's Dwelling claim and March 4, 2010, for Plaintiff's
8  Rental claim, the dates Defendant denied Plaintiff benefits.
9  Accordingly, the applicable one-year limitations periods covering
10  each claim had run by the time Plaintiff initiated this action,
11  over one year later, on May 12, 2011.   Any of Plaintiff's claims
12  that are "on the policy" are thus time-barred.[5]
13  ///
14  ///
15  ///

16
17    [5] In reaching this holding, the Court rejects Plaintiff's
convoluted attempt to make an equitable estoppel argument.   "An
18  estoppel arises as a result of some conduct by the defendant,
relied on by the plaintiff, which induces the belated filing of
the action."   Prudential-LMI Commercial Ins., 51 Cal. 3d at 690.
19  Plaintiff appears to argue that Defendant should be estopped from
relying on the contractual limitations period because Defendant
20  induced Plaintiff to dispute the Rental claim and thus to turn
her attention away from her Dwelling claim.   According to
21  Plaintiff, because she was distracted by the Rental claim, she
had no time to continue investigation on the Dwelling claim and
22  was thus unable to hire an independent investigator until the
time for filing her Complaint had almost run.   Plaintiff's
23  argument is fatally flawed because, among other things, she has
not alleged in her Complaint that Defendant attempted to induce
24  her to forego investigation of her Dwelling claim, nor does she
allege she relied on any statement by Defendant in waiting to
25  file this action.   Plaintiff provides no justifiable reason why,
despite her immediate disagreement with Defendant's denial of her
26  claims, she waited so many months to hire an expert investigator
or why she could not have pursued legal relief as to either of
27  her claims sooner.   Accordingly, on the facts alleged, there is
no basis on which to estop Defendant from asserting the
28  contractual limitations provision as a defense.

### A.   Plaintiffs' First And Second Causes Of Action For Fraudulent Inducement

Plaintiff's first and second causes of action for fraudulent inducement are not "on the policy," and thus are not barred by the one-year limitations provision.  By way of these claims, Plaintiff asserts that Defendant fraudulently induced Plaintiff to purchase the Endorsement, and fraudulently represented to Plaintiff that in paying the additional premium for the Endorsement, the ranch dwellings would be covered for damages or losses caused by mold.  As is clear from these allegations, Plaintiff's fraudulent inducement claims thus go to the accuracy and truthfulness of the discussion and negotiations of the parties prior to the contractual agreement and to intentional misrepresentations of material fact allegedly made by Defendant to Plaintiff and upon which Plaintiff relied in agreeing to enter the contract.  See 48 Am. Jur. Proof of Facts 3d 329 § 1.  These types of claims arising out of Defendant's actions in inducing Plaintiff to contract, as opposed to a failure to pay policy benefits, are not "on the policy."  See Harlow v. American Equitable Assur. Co. of New York, 87 Cal. App. 28, 31-32 (1927); see also, Bankers Trust Co. v. Pac. Emp'rs Ins. Co., 282 F.2d 106, 112-13 (9th Cir. 1960) ("action in tort for deceit in inducing the contract is not an action on the contract") (interpreting similar language in a Nevada contract).

Regardless, however, Plaintiff has failed to plead her fraudulent inducement claims with the particularity required under Federal Rule of Civil Procedure 9(b).  See, e.g., Doyle v. Illinois Cent. R. Co., 2008 WL 4964774, *3 (E.D. Cal.).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "[T]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2008) (internal citations and quotations omitted).  While Plaintiff makes specific allegations as to the content of Defendant's allegedly false representations, she does not allege the time, place, or identities of the parties to the misrepresentation.  Plaintiff's first and second causes of action for fraudulent inducement are thus dismissed with leave to amend for failure to state a claim.

**B.  Plaintiff's Third And Fourth Causes Of Action For Fraudulent And Deceitful Claims Practices And Fifth Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

Plaintiff's third through fifth causes of action are "on the policy" and are thus time-barred.  Intentional misrepresentation and misrepresentations that involve the "scope, competence and fairness of the investigations into the [Homeowner's] claim for covered loss under the policy" are considered on the policy. Campanelli, 322 F.3d at 1097.  Likewise, as stated above, claims "grounded in a failure to pay benefits that are due under the policy" are "on the policy" as well.  Id.

///

///

///

11

1  Moreover, "on the policy" claims include breach of the implied
2  covenant of good faith causes of action when based on the
3  mishandling of a homeowner's claims and recovery of damages for
4  the underpayment of claims.  Id.; see also CBS Broad. Inc. v.
5  Fireman's Fund Ins. Co., 70 Cal. App. 4th 1075, 1086 (1999)
6  (holding action for breach of good faith and fair dealing was "on
7  the policy").  "The fact that an insured seeks damages in
8  addition to those covered by the policy will not render the cause
9  of action 'off the policy.'"  Campanelli, 322 F.3d at 1096-97.

10       In this case Plaintiff's fraudulent and deceitful claims
11  practices causes of action arise out of Plaintiff's contention
12  that Defendant wrongfully investigated and denied her claims.
13  Plaintiff's breach of the implied covenant cause of action is
14  likewise based upon allegations that Defendant failed to pay
15  benefits as a result of its bad faith investigation and denial of
16  benefits.  Accordingly, these causes of action are grounded in
17  Defendant's failure to pay benefits and its alleged mishandling
18  of its investigation into Plaintiff's claims.  Each cause of
19  action is therefore "on the policy" and is consequently barred by
20  the one-year limitations provision.  Defendant's Motion to
21  Dismiss Plaintiff's third and fourth causes of action for
22  fraudulent and deceitful claims practices and fifth cause of
23  action for breach of the implied covenant of good faith and fair
24  dealing is thus granted with leave to amend.

25  ///
26  ///
27  ///
28  ///

**C.   Plaintiff's Sixth Cause Of Action For Declaratory Relief**

To the extent each of Plaintiff's other claims have been dismissed, there exists no remaining case or controversy capable of supporting an independent claim for declaratory relief.  See 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added).  Moreover, even if there remained a case or controversy to support Plaintiff's declaratory relief cause of action, it, like the majority of Plaintiff's other claims, challenges only Defendant's allegedly improper claims handling and wrongful denial of benefits.  This cause of action is thus "on the policy" and is barred as untimely as well.  Accordingly, Defendant's Motion to Dismiss Plaintiff's sixth cause of action for declaratory relief is granted with leave to amend.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED with leave to amend.  Defendant's Objections/Motion to Strike (ECF No. 14) are OVERRULED/DENIED as moot.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint.

///

///

13

If no amended complaint is filed within said twenty (20)-day period, without further notice to the parties, those causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice.

  IT IS SO ORDERED.

Dated: November 2, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14