UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BRAFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | No. 2:11-cv-001627-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

On April 23, 2012, the Court dismissed this action with prejudice due to Plaintiff Roberta Brafman's ("Plaintiff") repeated failure to oppose a motion to dismiss filed by Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"). (ECF No. 28.) Presently before the Court is a Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure[1] 60(b), filed by Plaintiff on April 1, 2013. (ECF Nos. 30 & 32.) For the reasons set forth below, Plaintiff's Motion is DENIED.[2]

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. R. 230(g).

1

## BACKGROUND

On May 12, 2011, Plaintiff initiated a state court action against Nationwide based on the denial of benefits allegedly due under an insurance policy ("Policy") issued by Nationwide. (ECF No. 1-1 Ex. A.) Plaintiff's original complaint contained claims for fraudulent inducement, fraudulent and deceitful claims practices, breach of the implied covenant of good faith and fair dealing, and declaratory relief. (Id.) On June 15, 2011, Nationwide removed the action to this Court based on diversity jurisdiction. (ECF No. 1.)

On June 22, 2011, Nationwide filed a Motion to Dismiss Plaintiff's Complaint ("First Motion to Dismiss") pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF Nos. 6 & 7.) On November 2, 2011, the Court granted Nationwide's First Motion to Dismiss with leave to amend. (ECF No. 17.) The Court held that a one-year limitations period, which applied to Plaintiff's claims brought under the Policy, had run by the time Plaintiff filed her Complaint. (Id. at 7-9, 11-12.[3]) The Court further held that the claims for fraudulent inducement were not on the Policy, but had not been pled with the requisite particularity under Rule 9(b). (Id. at 10-11.)

On November 22, 2011, Plaintiff filed her First Amended Complaint ("FAC"), which included claims for fraudulent inducement, fraudulent and deceitful claims practices and declaratory relief. (ECF No. 18.) On December 6, 2011, Nationwide filed a Motion to Dismiss Plaintiff's FAC ("Second Motion to Dismiss"), which was set for hearing on January 12, 2012. (ECF Nos. 19 & 20.) Nationwide again argued that Plaintiff's claims were barred by the applicable limitations period, and that the two fraud-based claims failed to allege any actionable representations and failed to state facts with particularity under Rule 9. (ECF No. 20.)

Plaintiff's opposition to Nationwide's Second Motion to Dismiss was due on January 6, 2012.

---

[3] All page references in this Order are to the Court's ECF pagination, and not to the pagination assigned by the parties.

After Plaintiff had failed to file either an opposition or a statement of non-opposition as required under Local Rules, the Court issued a minute order vacating the January 12, 2012, hearing date and ordering Plaintiff to show cause as to why this case should not be dismissed with prejudice. (ECF No. 23.) On January 13, 2012, Plaintiff filed a Response to the Order to Show Cause. (ECF No. 24.) In her Response, Plaintiff explained that her attorney Robert F. Koehler, Jr. ("Mr. Koehler") had developed health problems after Christmas of 2011 which "affected counsel's focus on office matters including attention to this action." (ECF No. 24 at 2.) Plaintiff's Response also stated that Mr. Koehler's "maladies became progressively worse," and that he "was unaware" of the serious nature of his illness. (Id.) Mr. Koehler's medical records were attached to the Response. (Id.)

On January 31, 2012, the Court issued an Order finding Plaintiff's Response to the Order to Show Cause to be insufficient. (ECF No. 25.) However, after concluding that Plaintiff should not be penalized for her counsel's failures, the Court reset the hearing on Nationwide's Second Motion to Dismiss for February 23, 2012, thus providing Plaintiff with additional time to file an opposition to Defendant's motion. (Id.) The Court explicitly warned Plaintiff and her counsel that further failure to file an opposition or a statement of non-opposition to Defendants' Second Motion to Dismiss, as required by Eastern District of California Local Rules, will result in dismissal of this action with prejudice without further notice to the parties. (Id.) On February 7, 2012, Plaintiff filed a request seeking continuance of the hearing date on Defendant's Second Motion to Dismiss to April 23, 2012. (ECF No. 26.) In support of the continuance request, Mr. Koehler filed a declaration again referencing the health problems he had been experiencing since December of 2011. (Id.) The Court granted Plaintiff's request and continued the hearing to May 3, 2012. (ECF No. 27.)

Plaintiff failed to file an opposition to Defendant's Second Motion to Dismiss prior to the April 19, 2012 filing deadline.

///

On April 20, 2012, the Court issued an Order dismissing the instant action with prejudice pursuant to Rule 41(b) and denying Nationwide's Second Motion to Dismiss as moot. (ECF No. 28.) Subsequently, the Court entered judgment for Defendant. (ECF No. 29.)

On April 1, 2013, Plaintiff filed the instant Motion to Vacate Court Order Entered April 20, 2012 and Judgment Entered April 23, 2012, and Request for New Hearing Date on Defendant's Motion to Dismiss. (ECF Nos. 30 & 32.) Mr. Koehler continues representing Plaintiff in this action. Plaintiff's Motion to Vacate again cites her counsel's medical problems as the basis for the requested relief. More specifically, Plaintiff asserts that, starting in 2011 and during 2012, Mr. Koehler was affected by a rare and potentially lethal medical condition called Wegener's granulomatosis ("Wegener's disease"), which is a rare disorder defined by inflammation of the blood vessels, kidneys, the upper and lower respiratory tract and eyes. (ECF No. 30-1 at 5; Declaration of Kenneth B. Wiesner, M.D.[4] ("Wiesner Decl."), ¶¶ 4 & 9, ECF No. 30-4.) As alleged, Mr. Koehler was diagnosed with Wegener's disease on February 27, 2012. (ECF No. 30-1 at 7.) Subsequently, Mr. Koehler was also diagnosed with arthritis and limb pain, hypertension, stress reaction, depression, unspecified inflammatory polyarthropathy, iridocyclitis, glaucoma, numbness, and neuralgia. (Id.)

According to Plaintiff, the disease caused Mr. Koehler's failure to respond to Defendant's Second Motion to Dismiss and rendered Mr. Koehler incapable of practicing law during 2012. (Id. at 4, 8.) Koehler allegedly did not realize the seriousness of his medical problems until recently and believed that he could continue meeting his clients' demands. (Id. at 5.) To compensate for his medical disability, Mr. Koehler engaged a full-time law clerk in 2012 and "closely monitored his practice, giving close supervision and direction to his law clerk." (Id. at 8.)

---

[4] Defendant has filed objections to the admissibility of Exhibit A to the Declaration of Kenneth B. Weisner, M.D., arguing that the Exhibit contains inadmissible hearsay evidence. (ECF No. 33-1.) The Court need not engage in a lengthy discussion of whether this particular piece of evidence is admissible because, as fully explained below, Plaintiff is not entitled to Relief under Rule 60(b) even if the Court finds that every piece of evidence presented by Plaintiff in support of her Motion to Vacate Judgment is admissible.

However, Mr. Koehler "felt that his law clerk was unqualified" to prepare a motion to vacate judgment entered in the present case. (Id. at 8-9.) In December 2012, Mr. Koehler engaged services of another law clerk who Mr. Koehler believed to be qualified to prepare the instant motion. (Id. at 9.) However, "this engagement failed with essentially no usable work performed." (Id.) In late January of 2013, Mr. Koehler finally obtained assistance of a qualified law clerk who prepared a "working draft" of the instant motion. (Id.) Unfortunately, the law clerk was injured in a ski accident at the end of February of 2013, which further delayed the filing of Plaintiff's motion to vacate. (Id.)

Important for the purposes of the instant Motion, Plaintiff knew about her counsel's medical problems throughout 2012, and Mr. Koehler "promptly" informed Plaintiff about the dismissal of her case with prejudice in April 2012 because of Mr. Koehler's failure to file an opposition to Defendant's Second Motion to Dismiss. (See id. at 5; Declaration of Roberta Brafman ("Brafman Decl.") ¶¶ 3-5, ECF No. 30-2.) However, according to Plaintiff and her counsel, neither of them realized the seriousness of Mr. Koehler's medical condition, and Plaintiff believed Koehler's promises to take care of this case. (ECF No. 30-1 at 5-6; Brafman Decl. ¶ 3-5; Declaration of Robert Koehler ("Koehler Decl.") ¶ 4, ECF No. 30-3.)

## STANDARD

Rule 60(b) allows a party to seek reconsideration of a final judgment or any order where such a party can demonstrate: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir.2004).

///
///
///

1   In determining whether a party is entitled to relief on the basis of "excusable
2   neglect" under Rule 60(b)(1), courts apply "a four-factor equitable test examining: (1) the
3   danger of prejudice to the opposing party; (2) the length of the delay and its potential
4   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant
5   acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir.
6   2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. 380, 395
7   (1993)).

8   Rule 60(b)(6) is the "catch-all" clause "intended to encompass errors or actions
9   beyond the petitioner's control." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 n. 8,
10  1170 n. 11 (9th Cir.2002).  Courts therefore use Rule 60(b)(6) relief "sparingly as an
11  equitable remedy to prevent manifest injustice" and grant relief "only where extraordinary
12  circumstances prevent . . . a party from taking timely action to prevent or correct an
13  erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047,
14  1049 (9th Cir.1993).  Accordingly, to obtain relief under Rule 60(b)(6), a party must show
15  that she suffered an injury as a result of the judgment from which she seeks relief and
16  that circumstances beyond her control prevented her from taking timely action to protect
17  her interests.  Id.; see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008).

18  A motion for reconsideration under Rule 60(b) must be made within a reasonable
19  time, and a motion pursuant to Rule 60(b)(1) should be brought no more than a year
20  after the entry of the judgment or order.  Fed. R. Civ. P. 60(c).

## ANALYSIS

24  In her Motion to Vacate Judgment, Plaintiff argues that she is entitled to relief
25  under both Rule 60(b)(1) and Rule 60(b)(6).  (ECF No. 30-1 at 9.)  The Court will
26  address each of Plaintiff's arguments below.
27  ///
28  ///

6

A.     Rule 60(b)(1)

Plaintiff first argues that her failure to file an opposition to Defendant's Second Motion to Dismiss constitutes "excusable neglect" under Rule 60(b)(1).  Before turning to the merits of Plaintiff's Motion to Vacate Judgment, the Court must consider the timeliness of Plaintiff's Motion under Rule 60(c).  As noted above, a Rule 60(b)(1) motion should be filed within a "reasonable time," and in no case may be filed more than a year after the judgment or order was entered.  Fed. R. Civ. P. 60(c).  "A Rule 60(b)(1) motion filed within the one-year limitation, however, may still be barred under the reasonable-time limitation, depending on relevant circumstances."  Woodfin Suite Hotels, LLC v. City of Emeryville, No. C 07-1719 SBA, 2008 WL 724105, at *6 (N.D. Cal. Mar. 14, 2008); see also Hidais v. Porter, No. C09–0512 THE, 2010 WL 760561, at *1 (N.D. Cal. Mar. 4, 2010) ("[A] court may deny a Rule 60(b)(1) motion, even if it was filed within the one-year period, if the moving party 'was guilty of laches or unreasonable delay.'"); Nastrom v. JP Morgan Chase Bank, N.A., No. 1:11–cv–01998–SAB, 2013 WL 245734, at *3 (E.D. Cal. Jan. 22, 2013) (concluding that a plaintiff's Rule 60(b)(1) motion was untimely under the circumstances when it was filed 42 days after the Court denied plaintiff's ex parte application to file an opposition to defendants' motion to dismiss and 12 days after the Court granted the motion to dismiss); McPhatter v. Ryan, No. cv-11-8147-PCT-RCB(JFM), 2013 WL 428280, at *3-6 (D. Ariz. Feb. 4, 2013) (denying a Rule (60)(b)(1) motion as unreasonably late under the circumstances when the motion was filed more than four months after entry of the judgment).

"What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).  The Court concludes that all of these factors weigh in favor of denying Plaintiff's Rule 60(b)(1) Motion.

///

7

First, the Court previously dismissed Plaintiff's complaint twice, with the original dismissal being on the merits due to Plaintiff's failure to state a claim under Rule 12(b)(6) and the subsequent dismissal due to Plaintiff's failure to prosecute under Rule 41(b). (See ECF Nos. 17 & 28.)  The time for appealing the Court's judgment has long passed. Accordingly, the Court must give "strong weight" to the interest of finality of its judgment. See Ashford, 657 F.2d at 1055.

Second, in support of her Motion to Vacate Judgment, Plaintiff offers the same explanation—her counsel's medical problems—as she did more than a year ago in response to the Court's Order to Show Cause.  As Plaintiff and her counsel assert in support of the instant Motion, Mr. Koehler started experiencing serious medical problems in late 2011.  (See Koehler Decl. ¶ 3.)  Plaintiff first used her counsel's illness as an excuse for her failure to comply with the Court-imposed deadlines in January of 2012, when she informed the Court that she had missed the filing deadline for opposing Defendants' Second Motion to Dismiss because of Mr. Koehler's medical problems. (See ECF No. 24.)  The Court was sympathetic and allowed Plaintiff to file an opposition to Defendant's Second Motion to Dismiss.  (ECF No. 25.)  Subsequently, Plaintiff sought continuance of the hearing from February 23, 2012, to April 23, 2012, again citing her counsel's health problems.  (ECF No. 26.)  The Court again agreed to the continuance and set the hearing for May 3, 2012.  (ECF No. 27.)  As alleged in Plaintiff's moving papers, Mr. Koehler was diagnosed with Wegener's disease on February 27, 2011, which is nearly two months before Plaintiff's opposition was due to Defendant's Second Motion to Dismiss and more than thirteen months before Plaintiff filed her instant Motion to Vacate Judgment.  (See ECF No. 30-1 at 7.)

Thus, the facts giving rise to Plaintiff's Rule 60(b) Motion were in existence more than a year ago and were relied on by Plaintiff and her counsel to obtain the Court's relief for Plaintiff's repeated failures to meet the Court-imposed deadlines.

///

///

However, neither Mr. Koehler nor Plaintiff took any action to seek further continuance or any other appropriate relief before Plaintiff's opposition was due to Defendant's Second Motion to Dismiss and have not filed the instant motion until almost a year after the dismissal of this action with prejudice.

For her part, Plaintiff contends that the delay in seeking relief from judgment is not unreasonable because neither she nor her counsel recognized, until recently, the seriousness of Mr. Koehler's medical condition. (ECF No. 30-1 at 15.) However, the record demonstrates that Mr. Koehler was aware that a motion for relief from judgment in this action should be filed, made several attempts to complete the motion in the second half of 2012, and even hired a full-time law clerk to assist him in meeting Plaintiff's and other clients' demands. (ECF No. 30-1 at 8; Koehler Decl. ¶ 5.) Further, according to Plaintiff's moving papers, Mr. Koehler "closely monitored his practice [in 2012], giving close supervision and direction to his law clerk" and "continued to meet the legal obligations of his clients." (ECF No. 30-1 at 8.) Mr. Koehler also was able to recognize that his law clerk was not competent to draft the instant motion to vacate. (Koehler Decl. ¶ 5.) These facts amply demonstrate that Mr. Koehler could and did understand the nature of work required in this case and also realized that neither he nor his law clerk could perform the required work. The Court fails to see why, while being fully aware that he needed assistance of a competent attorney in representing Plaintiff, Mr. Koehler waited for almost a year to either obtain such assistance or advise Plaintiff that she needed a different attorney. Therefore, Mr. Koehler's nearly year-long delay in bringing the instant Motion to Vacate Judgment was not reasonable under the circumstances. Because, as a general rule, "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)," see Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004), Mr. Koehler's unreasonable delay in seeking relief under Rule 60(b) is imputed to Plaintiff. See also Pioneer Inv. Servs. Co., 507 U.S. at 396 ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

9

Further, aside from being charged with her counsel's negligence, Plaintiff herself knew of Mr. Koehler's repeated failures to comply with this Court's orders since this case was dismissed with prejudice in April of 2012. Plaintiff admits being "promptly advised" that the Court had dismissed her action against Defendant due to Mr. Koehler's "failure to file a response or seek other relief from the Court." (See Brafman Decl. ¶ 3.) She also admits waiting throughout 2012 and into 2013 for her attorney to file a motion seeking relief from the dismissal entered in April of 2012. (Id. ¶¶ 4, 6, 7.) Moreover, Plaintiff admits that she not only was aware of her counsel's persisting medical problems but also knew that Mr. Koehler "was more ill than he gave himself credit, misleading himself into thinking he was more capable of working than he actually was." (Id. ¶ 5.) Despite this knowledge and dispute the lack of any activity in her case for almost a year, Plaintiff had waited idly and made no effort to seek relief from judgment earlier or to find a new attorney to represent her. Accordingly, the Court finds that, under the circumstances of this case, Plaintiff has not demonstrated that her delay in seeking relief under Rule 60(b)(1) was reasonable.

Finally, the Court finds that vacating judgment entered in this case will be prejudicial to Defendant. As noted above, the Court previously granted Defendant's First Motion to Dismiss finding that Plaintiff's claims on the Policy were barred under the applicable statute of limitations, and that the remaining claims were insufficiently pled. (See ECF No. 17.) In light of the circumstances of this case, equity requires that Plaintiff demonstrates how the filing of her opposition to Defendant's Second Motion to Dismiss would have affected the ultimate outcome of this litigation. Plaintiff has failed to show that she can present any meaningful opposition to Defendant's Second Motion to Dismiss if the Court vacates judgment entered against Plaintiff. In the absence of such showing, vacating the judgment would simply delay a final resolution of the matter and thus would be prejudicial to Defendant.

///

///

In sum, after considering the relevant factors under the totality of circumstances standard, the Court finds that neither Plaintiff nor her attorney acted reasonably in waiting for almost a year to move for relief under Rule 60(b)(1).  Because Plaintiff has not brought her Motion to Vacate Judgment within a reasonable time as required under Rule 60(c), the Court denies her Motion as untimely.

### B.    Rule 60(b)(6)

As noted above, Rule 60(b)(6) motions must be brought within a reasonable time.  See Fed R. Civ. P. § 60(c).  For all the reasons set forth above, including Plaintiff's admitted knowledge of the judgment dismissing this case with prejudice and knowledge of her attorney's serious medical problems, it was unreasonable for her to wait for almost a year to seek relief under Rule 60(b)(6).

Additionally, to be entitled to relief under Rule 60(b)(6), Plaintiff must demonstrate that extraordinary circumstances beyond her control prevented her from taking timely action to protect her interests.  Alpine Land & Reservoir Co., 984 F.2d at 1049.  Plaintiff argues that relief under Rule 60(b)(6) is appropriate because Mr. Koehler had "virtually abandoned" her.  (ECF No. 30-1 at 14.)  The Supreme Court has recently explained: "[A] client cannot be charged with the acts or omissions of an attorney who has abandoned him.  Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." Maples v. Thomas, 132 S. Ct. 912, 924 (2012).  However, contrary to Plaintiff's contention, the facts demonstrate that she was never abandoned by Mr. Koehler. Plaintiff's moving papers and accompanying declarations show that Mr. Koehler promptly advised Plaintiff of the dismissal of this action with prejudice due to his failure to file an opposition to Defendant's Second Motion to Dismiss, regularly met with Plaintiff throughout 2012, and kept her informed about his efforts to vacate judgment entered against Plaintiff in this case.  (See Brafman Decl. ¶¶ 3, 4, 6, 7.)

11

The record also demonstrates that Plaintiff has been fully aware of her counsel's failure to provide competent representation and has made an informed decision to wait for Mr. Koehler's health to improve instead of seeking assistance of a competent attorney. In fact, Mr. Koehler continues representing Plaintiff in this litigation.  These facts do not support the finding of abandonment or, as Plaintiff claims, "virtual abandonment" by her counsel.

In sum, the Court finds that Plaintiff has failed to show any extraordinary circumstances beyond her control that would warrant relief under Rule 60(b)(6).  As amply demonstrated by the record, Plaintiff chose to wait idly for almost a year to take action even though she was fully aware of the dismissal of this case with prejudice in April of 2012 and even though Mr. Koehler's failures were blatantly obvious. Accordingly, the Court denies Plaintiff's Rule 60(b)(6) Motion.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Vacate Court Order Entered April 20, 2012 and Judgment Entered April 23, 2012, (ECF No. 30) is DENIED.

IT IS SO ORDERED.

DATED:  June 19, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT